FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTHWEST RESTORATION OPERATING INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, a foreign insurance company,<br><br>                    Defendant. | No. 2:26-CV-00118-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>**ECF No. 6** |

Before the Court is Plaintiff's Motion to Remand.  ECF No. 6.[1]  William Anthony Gieri represents Plaintiff.  Thomas Lether and Ellen McGraw represent

---

[1] Plaintiff's Motion to Remand was initially filed at ECF No. 5.  An amended Motion to Remand was filed at ECF No. 6 and docketed as a Motion to Amend/Correct.

ORDER - 1

Defendant.  The Court has reviewed the motion and record and is fully informed.  For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff filed this action in the Yakima County Superior Court, alleging the following causes of action: (1) breach of contract, (2) bad faith, (3) violations of the Consumer Protection Act, RCW 19.86 *et seq.*, and (4) violations of the Insurance Fair Conduct Act, RCW 48.30.015(8).  ECF No. 1-2 at 2.  Defendant removed to this Court based on diversity jurisdiction, asserting the amount in controversy exceeded the jurisdictional requirement of $75,000:

> In the instant lawsuit, Restoration One seeks payment of no less than $11,550.77 in outstanding amounts for remediation and repair work at the subject property that is the basis of this litigation.  Restoration One also asserts a cause of action for bad faith and seeks damages currently unspecified for that cause of action.  Restoration One also asserts a cause of action for violation of the Insurance Fair Conduct Act with a request for treble damages up to an amount of $34,625.31. Restoration One additionally asserts a cause of action for violation of the Consumer Protection Act, seeking an award of up to $25,000. Restoration One also seeks an award of attorney's fees. Finally, Restoration One seeks costs and pre- and post-judgment interest.

ECF No. 1 at 3 ¶¶ 5-6.

Plaintiff filed the instant motion to remand, disputing Defendant's amount in controversy estimation.  ECF No. 6.

ORDER - 2

**LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). Under § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citations omitted). "Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Id.* (citations omitted). "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* (citation omitted); *see also Matheson*, 319 F.3d at 1090

ORDER - 3

("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). The Ninth Circuit has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson*, 319 F.3d at 1090 (quotation marks and citation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Id.*

## DISCUSSION

Plaintiff asserts this matter should be remanded for four reasons: (1) Defendant relies on a conclusory statement that "the current outstanding contractual demand is $11,550.77"; (2) Defendant has failed to demonstrate that Plaintiff's "damages for its claimed Consumer Protection Act violations as trebled exceeded $25,000" and thus the Court cannot "attribute a valuation of $25,000 for each claimed violation"; (3) Defendant is "counting the same damages in a way of triple-dipping"; and (4) "Because Travelers' removal argument regarding the 'damages' . . . is based on conclusory arguments, it is impossible for this Court to consider whether attorney's fees, costs, and pre-judgment interest would move the needle for purposes of the $75,000 requirement" and post-judgment interest cannot

ORDER - 4

be cannot be included in the calculation of the $75,000 threshold. ECF No. 6 at 4-6. The Court addresses these issues in turn.

First, Plaintiff asserts that Defendant relies on a conclusory allegation for its argument that "the current outstanding contractual demand is $11,550.77." ECF No. 6 at 4. Defendant has submitted evidence to support its allegation that the outstanding contractual demand is $11,550.77—namely, Defendant's February 5, 2026, response to Plaintiff's notice under the Insurance Fair Conduct Act, which states, "Restoration 1 provided an estimate for its mitigation services in the amount of $14,420.49. In total, Travelers has issued payments in the amount of $2,869.72 for Restoration 1's services related to the Loss." ECF No. 10-1 at 2. Plaintiff, in turn, asserts that its December 31, 2025, Insurance Fair Conduct Act letter did not make a specific monetary demand and did not include "estimates." ECF No. 12 at 1-2; *see also* ECF No. 12-1. While Plaintiff's December 31, 2025, letter did not include an estimate, this does not address whether Plaintiff provided Defendant such an estimate outside of this letter. Plaintiff also asserts that Defendant's February 5, 2026, letter is not "summary-judgement type" evidence as it is hearsay, and the declarant has not laid a foundation to establish his personal knowledge of the assertions in the letter. ECF No. 11 at 6. However, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial,

ORDER - 5

such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016). As it is possible the evidence in Defendant's February 5, 2026, letter could be provided in an admissible form at trial, the Court can consider it. Thus, the Court finds that Defendant has established that the unpaid balance at issue is $11,550.77 for the purpose of determining this motion.

Second, Plaintiff asserts that "the Consumer Protection Act places a cap on the total amount of damages which may be awarded after having been trebled, and if the amount of actual damages as trebled is less than the $25,000 figure, the Court must award the lesser amount." ECF No. 6 at 5. Under RCW § 19.86.090, "the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained: PROVIDED, That such increased damage award for violation of RCW 19.86.020 may not exceed twenty-five thousand dollars . . . ." Plaintiff asserts that because Defendant has "failed to attribute *any* value to any of the alleged Consumer Protection Act violations, meaning this Court cannot accept Travelers' conclusion that each violation must be valued at $25,000." ECF No. 6 at 5. But, as discussed above, Defendant has presented evidence that the unpaid balance at issue is $11,550.77. Further, Plaintiff seeks "an award of treble damages against Travelers pursuant to RCW § 19.86.090 and 48.30.015(2)[.]" ECF No. 1-3 at 12; *see also Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088, 2014 WL 1047244, at *3 (W.D.

ORDER - 6

Wash. Mar. 18, 2014) ("The Insurance Fair Conduct Act (IFCA) creates a private cause of action to a first-party claimant who has been unreasonably denied insurance coverage and provides for treble damages and an attorney fee award."). The unpaid balance at issue of $11,550.77 when trebled is $34,652.31.  Thus, the Court could award up to $25,000 under the CPA.

Third, Plaintiff asserts that:

> [E]ven if the damages that Northwest sought were $11,550.77, and as trebled under the Insurance Fair Conduct Act claim equated to $34,625.31 and $25,000 as trebled under the Consumer Protection Act, Travelers cannot add $34,625.31 for the Insurance Fair Conduct Act claim, $11,550.77 for the breach of contract claim, and $25,000 for the Consumer Protection Act because it would be counting the same damages in a way of triple-dipping.

ECF No. 6 at 5.  Defendant asserts that this case is similar to *Sinclair v. USAA Cas. Ins. Co.*, No. 3:22-CV-05263, 2022 WL 3098307 (W.D. Wash. Aug. 4, 2022).  In *Sinclair*, the removing defendant asserted that the plaintiff was seeking $24,387.52 in unpaid medical expenses, treble damages under the IFCA, and treble damages up to $25,000 for violations of the CPA.  *Id.* at *2.  The court calculated that the treble damages under the IFCA raised the amount in controversy from $24,387.52 to $73,162.56.  *Id.*  When combined with $25,000.00 under the CPA, the amount in controversy exceeded the jurisdictional minimum.  *Id.*

Here, Defendant asks the Court to treble $11,550.77 under the IFCA for $34,625.31, then add $25,000.00 under the CPA.  This totals $59,625.31.

ORDER - 7

Defendant then asks the Court to add an additional $11,550.77 for the breach of contract claim, for a total of $71,203.08.  But under the IFCA, a court may "increase the total award of damages to an amount *not to exceed three times the actual damages*."  RCW § 48.30.015(2) (emphasis added).  Defendant is asking the Court to increase the total award of damages to four times the actual damages by taking the initial amount of damages ($11,550.77) and then adding an additional three times this amount ($11,550.77 x 3 = $34,625.31) for a total of $46,203.08.  This is not how treble damages under the IFCA are calculated.  *See Hazzard v. Union Bankers Ins. Co.*, No. C13-1162, 2014 WL 773533, at *1 (W.D. Wash. Feb. 25, 2014) ("Defendant has calculated the treble damages award in addition to the claimed benefits for a total of $41,600, or what would amount to quadruple damages under IFCA.  This is plainly not how the statute operates.").

Last, "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  As discussed above, the amount in controversy stands at $59,625.31 without attorneys' fees.  The Court cannot speculate that attorneys' fees will exceed $15,374.69 to satisfy the amount in controversy requirement.  *See Dowd v. Amco Ins. Co.*, No. C13-599, 2013 WL 12120457, at *3 (W.D. Wash. June 11, 2013) ("Here, defendant has offered neither an estimate of attorneys' fees incurred to the point of removal, nor of attorneys'

ORDER - 8

fees likely to be expended in this litigation, so the amount remains speculative. The Court cannot consider such speculative amount in the determination of the amount in controversy.").  Accordingly, the Court finds that the jurisdictional requirement has not been met.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand is granted.

**Accordingly, IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion to Remand, **ECF No. 6**, is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to (1) enter this Order; (2) provide copies to the parties; **(4) REMAND this matter to the Yakima County Superior Court; and (5) CLOSE the file.**

DATED June 8, 2026.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 9